UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 19-10245-ADB(s) |
| v. | Violations: |
| (1) EDWIN OTERO,<br>(2) JUSTIN JOSEPH,<br>(3) ANTHONY BASILICI,<br>(4) VINICIUS ZANGRANDE,<br>(6) BROOKE COTELL,<br>(7) RONNY BAAMS,<br>(8) TONY JOHNSON,<br>(10) JOSHUA JOHNSON,<br>(11) KIMBERLY LOPES,<br>(12) ALBERT LEE, and<br>(13) CAMERON CARTIER,<br><br>Defendants | Count One: Conspiracy to Distribute and to Possess with Intent to Distribute 100 Grams or More of Heroin<br>(21 U.S.C. § 846)<br><br>Count Two: Distribution of Heroin<br>(21 U.S.C. § 841(a)(1))<br><br>Counts Three and Six: Possession with Intent to Distribute Heroin<br>(21 U.S.C. § 841(a)(1))<br><br>Count Four: Possession with Intent to Distribute Heroin; Aiding and Abetting<br>(21 U.S.C. § 841(a)(1); 18 U.S.C. § 2)<br><br>Count Five: Possession of a Firearm in Furtherance of a Drug Trafficking Crime<br>(18 U.S.C. § 924(c)(1)(A)(iii))<br><br>Count Seven: Felon in Possession of Firearm and Ammunition<br>(18 U.S.C. § 922(g)(1))<br><br>Count Eight: Felon in Possession of Firearm<br>(18 U.S.C. § 922(g)(1))<br><br>Count Nine: Conspiracy to Commit Kidnapping<br>(18 U.S.C. § 1201(c))<br><br>Count Ten: Conspiracy to Obstruct Justice by Retaliating Against a Witness, Victim, or Informant<br>(18 U.S.C. § 1513(f))<br><br>Count Eleven:<br>Obstruction of Justice by Tampering with a Witness, Victim, or Informant by Physical Force or Threat; Aiding and Abetting |

SEALED

)       (18 U.S.C. §§ 1512(a)(2)(C) and (2))
)
)       Drug Forfeiture Allegation:
)       (21 U.S.C. § 853)
)
)       Firearm Forfeiture Allegation:
)       (18 U.S.C. § 924(d); 28 U.S.C. § 2461(c))
)
)       Kidnapping, Witness Intimidation, and Witness
)       Retaliation Forfeiture Allegation:
)       (18 U.S.C. § 981(a)(1)(C); 28 U.S.C.
)       § 2461(c))

## SUPERSEDING INDICTMENT

### COUNT ONE
Conspiracy to Distribute and to Possess with Intent to Distribute
100 Grams or More of Heroin
(21 U.S.C. § 846)

The Grand Jury charges:

From in or about March 2019 through in or about May 2019, in Barnstable, Hyannis, Osterville, in the District of Massachusetts, and elsewhere, and in Pawtucket, in the District of Rhode Island, and elsewhere, the defendants,

(1) EDWIN OTERO,
(2) JUSTIN JOSEPH,
(3) ANTHONY BASILICI,
(4) VINICIUS ZANGRANDE,
(6) BROOKE COTELL,
(7) RONNY BAAMS,
(8) TONY JOHNSON,
(10) JOSHUA JOHNSON, and
(11) KIMBERLY LOPES,

conspired with each other, with KRYMEII FRAY, ERIC BRANDO, and with other persons known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

2

It is further alleged that the offense charged in Count One involved 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(i) is applicable to this Count.

It is further alleged that, with respect to Count One, 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, were reasonably foreseeable by, and are attributable to: (1) EDWIN OTERO, (2) JUSTIN JOSEPH, and (8) TONY JOHNSON.   Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(i) is applicable to defendants (1) EDWIN OTERO, (2) JUSTIN JOSEPH, and (8) TONY JOHNSON..

Before the defendant (2) JUSTIN JOSEPH, committed the offense charged in this count, the defendant was convicted, on two separate occasions, of violating Rhode Island St. 21-28-4.01(a) (*see* State v. Joseph, Docket Nos. P2-2008-3501AG and P2-2013-2443A), each a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

Before the defendant (8) TONY JOHNSON, committed the offense charged in this count, the defendant was convicted of violating Massachusetts General Laws c. 94C, §32A, (*see* Comm. v. Johnson, Docket No. 1272-CR-09801), a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

All in violation of Title 21 United States Code, Section 846.

3

COUNT TWO
Distribution of Heroin
(21 U.S.C. § 841(a)(1))

The Grand Jury further charges:

On or about April 29, 2019, in Hyannis, in the District of Massachusetts, the defendant,

(1) EDWIN OTERO,

did knowingly and intentionally distribute a mixture and substance containing a detectable amount

of heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

4

<u>COUNT THREE</u>
Possession with Intent to Distribute Heroin
(21 U.S.C. § 841(a)(1))

The Grand Jury further charges:

On or about April 29, 2019, in Hyannis, in the District of Massachusetts, the defendant,

(6) BROOKE COTELL,

did knowingly and intentionally possess with intent to distribute a mixture and substance

containing a detectable amount of heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

<u>COUNT FOUR</u>
Possession with Intent to Distribute Heroin; Aiding and Abetting
(21 U.S.C. § 841(a)(1); 18 U.S.C. § 2)

The Grand Jury further charges:

On or about May 4, 2019, in Hyannis, in the District of Massachusetts, the defendants,

(1) EDWIN OTERO and
(11) KIMBERLY LOPES,

did knowingly and intentionally possess with intent to distribute a mixture and substance

containing a detectable amount of heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United

States Code, Section 2.

6

<u>COUNT FIVE</u>
Possession of a Firearm in Furtherance of a Drug Trafficking Crime
(18 U.S.C. § 924(c)(1)(A)(iii))

The Grand Jury further charges:

On or about May 8, 2019, in Hyannis, in the District of Massachusetts, the defendants,

(1) EDWIN OTERO,
(2) JUSTIN JOSEPH, and
(3) ANTHONY BASILICI,

did knowingly possess a firearm and ammunition in furtherance of a drug trafficking crime for

which the person may be prosecuted in a court of the United States, to wit: conspiracy to

distribute and to possess with intent to distribute 100 grams or more of heroin, in violation of

Title 21, United States Code, Section 846, as charged in Count One of this Indictment.

The Grand Jury further alleges that the firearm was discharged.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and (c)(1)(A)(iii).

7

## COUNT SIX
Possession with Intent to Distribute Heroin
(21 U.S.C. § 841(a)(1))

The Grand Jury further charges:

On or about May 20, 2019, in Hyannis, in the District of Massachusetts, the defendant,

### (8) TONY JOHNSON,

did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SEVEN
Felon in Possession of Firearm and Ammunition
(18 U.S.C. § 922(g)(1))

The Grand Jury further charges:

On or about May 20, 2019, in Hyannis, in the District of Massachusetts, the defendant,

(1) EDWIN OTERO,

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a

term exceeding one year, did knowingly possess, in and affecting commerce, a firearm and

ammunition, that is, a Ruger Model Mark I .22 long rifle caliber pistol bearing serial number 11-

39896 and one round of .45 caliber "CBC" brand ammunition.

All in violation of Title 18, United States Code, Section 922(g)(1).

9

<u>COUNT EIGHT</u>
Felon in Possession of Firearm
(18 U.S.C. § 922(g)(1))

The Grand Jury further charges:

In May 2019, in Hyannis, in the District of Massachusetts, the defendant,

(1) EDWIN OTERO,

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a

term exceeding one year, did knowingly possess, in and affecting commerce, a firearm, that is, a

Hi-Point 9 millimeter Carbine Luger semi-automatic rifle bearing serial number E65927.

All in violation of Title 18, United States Code, Section 922(g)(1).

COUNT NINE
Conspiracy to Commit Kidnapping
(18 U.S.C. § 1201(c))

The Grand Jury further charges:

From a time unknown to the Grand Jury, but by at least on or about April 9, 2019, and

continuing thereafter until on or about April 10, 2019, in Hyannis, in the District of Massachusetts,

and in Pawtucket, in the District of Rhode Island, and elsewhere, the defendants,

(1) EDWIN OTERO,
(2) JUSTIN JOSEPH,
(3) ANTHONY BASILICI,
(12) ALBERT LEE, and
(13) CAMERON CARTIER,

conspired with each other and other persons known and unknown to the Grand Jury, to unlawfully

seize, confine, inveigle, decoy, kidnap, abduct, and carry away Victim 1 and hold Victim 1 for

ransom, reward, and otherwise, when, in furtherance of the commission of the offense, (1) Victim

1 was willfully transported in interstate commerce and (2) defendants used a means, facility and

instrumentality of interstate and foreign commerce, to wit, a cellular telephone.

Overt Acts in Furtherance of the Conspiracy

From a time unknown to the Grand Jury, but by at least on or about April 9, 2019, and

continuing thereafter until on or about April 10, 2019, the defendants and coconspirators known

and unknown to the Grand Jury committed and caused to be committed the following overt acts,

among others, in furtherance of the conspiracy:

a. On April 9, 2019, OTERO used a cellular telephone to contact Victim 1 and invited
Victim 1 to visit OTERO in the District of Rhode Island.

b. On April 9, 2019, OTERO paid for a ride-sharing service to transport Victim 1 from
the District of Massachusetts to the District of Rhode Island.

c. On April 9 and April 10, 2019, after OTERO lured Victim 1 from the District of

11

Massachusetts to the District of Rhode Island, OTERO, JOSEPH, BASICILI, LEE, and CARTIER seized, confined, kidnapped, abducted, and held Victim 1; stripped Victim 1 naked; assaulted and threatened to rape Victim 1; and took Victim 1's clothes and cellular telephone.

All in violation of Title 18, United States Code, Section 1201(c).

12

## COUNT TEN
Conspiracy to Obstruct Justice by Retaliating Against a Witness, Victim, or Informant
(18 U.S.C. § 1513(f))

The Grand Jury further charges:

On or about April 10, 2019, in Hyannis, in the District of Massachusetts, and elsewhere, and in Pawtucket, in the District of Rhode Island, and elsewhere, the defendants,

(1) EDWIN OTERO,
(2) JUSTIN JOSEPH,
(3) ANTHONY BASILICI,
(12) ALBERT LEE, and
(13) CAMERON CARTIER,

conspired with each other and other persons known and unknown to the Grand Jury to knowingly engage in conduct and thereby cause and threaten to cause bodily injury against a person, to wit: Victim 1, with intent to retaliate against Victim 1, for information given to law enforcement relating to the commission and possible commission of a Federal offense, to wit: conspiracy to distribute and to possess with intent to distribute heroin, in violation of Title 21, United States Code, Section 846.

All in violation of Title 18, United States Code, Section 1513(f).

<u>COUNT ELEVEN</u>
Obstructing Justice by Tampering with a Witness, Victim, or Informant
by Physical Force or Threat; Aiding and Abetting
(18 U.S.C. § 1512(a)(2)(C); 18 U.S.C. § 2)

The Grand Jury further charges:

From on or about April 10, 2019, through a time unknown to the Grand Jury but at least

April 25, 2019, in Hyannis, in the District of Massachusetts, and in Pawtucket, in the District of

Rhode Island, and elsewhere, the defendants,

(1) EDWIN OTERO, and
(3) ANTHONY BASILICI,

used the threat of physical force against other persons known and unknown to the Grand Jury,

with the intent to hinder, delay and prevent the communication to a law enforcement officer of

information relating to the commission and possible commission of a federal offense, to wit:

conspiracy to distribute and to possess with intent to distribute heroin, in violation of Title 21,

United States Code, Section 846.

All in violation of Title 18, United States Code, Sections 1512(a)(2)(C) and 2.

14

## DRUG FORFEITURE ALLEGATION
### (21 U.S.C. § 853)

1.      Upon conviction of one or more of the offenses in violation of Title 21, United

States Code, Sections 846 and 841, set forth in Counts One, Two, Three, Four, and Six of this

Superseding Indictment, the defendants,

>       (1) EDWIN OTERO,
>       (2) JUSTIN JOSEPH,
>       (3) ANTHONY BASILICI,
>       (4) VINICIUS ZANGRANDE,
>       (6) BROOKE COTELL,
>       (7) RONNY BAAMS,
>       (8) TONY JOHNSON,
>       (10) JOSHUA JOHNSON, and
>       (11) KIMBERLY LOPES,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any

property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of

such offenses; and any property used, or intended to be used, in any manner or part, to commit,

or to facilitate the commission of, such offenses.

2.      If any of the property described in Paragraph 1, above, as being forfeitable

pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the

defendants –

>       a.   cannot be located upon the exercise of due diligence;
>
>       b.   has been transferred or sold to, or deposited with, a third party;
>
>       c.   has been placed beyond the jurisdiction of the Court;
>
>       d.   has been substantially diminished in value; or
>
>       e.   has been commingled with other property which cannot be divided without
>            difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

## FIREARM FORFEITURE ALLEGATION
### (18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

1.      Upon conviction of one or more of the offenses in violation of Title 18, United

States Code, Sections 922(g)(1) and 924(c), set forth in Counts Five, and Seven and Eight of this

Superseding Indictment, the defendants,

> (1) EDWIN OTERO,
> (2) JUSTIN JOSEPH, and
> (3) ANTHONY BASILICI,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1),

and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or

used in any knowing commission of the offenses.   The property to be forfeited includes, but is

not limited to, the following:

> a.  a Ruger Model Mark I .22 long rifle caliber pistol bearing serial number 11-39896 and one round of .45 caliber "CBC" brand ammunition; and
>
> b.  a Hi-Point 9 millimeter Carbine Luger semi-automatic rifle bearing serial number E65927.

2.      If any of the property described in Paragraph 1, above, as being forfeitable

pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code,

Section 2461(c), as a result of any act or omission of the defendants --

> a.  cannot be located upon the exercise of due diligence;
>
> b.  has been transferred or sold to, or deposited with, a third party;
>
> c.  has been placed beyond the jurisdiction of the Court;
>
> d.  has been substantially diminished in value; or
>
> e.  has been commingled with other property which cannot be divided without difficulty;

17

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

## KIDNAPPING, WITNESS INTIMIDATION, AND WITNESS RETALIATION
### FORFEITURE ALLEGATION
18 U.S.C. §981(a)(1)(C) and 28 U.S.C. §2461(c)

1.     Upon conviction of one or more of the offenses in violation of Title 18, United

States Code, Sections 1201(c), set forth in Count Nine of this Superseding Indictment,

1512(a)(2)(c) and 2, set forth in Count Ten of this Superseding Indictment, and 1513(f), set forth

in Count Eleven of this Superseding Indictment, the defendants:

> (1) EDWIN OTERO,
> (2) JUSTIN JOSEPH,
> (3) ANTHONY BASILICI,
> (12) ALBERT LEE, and
> (13) CAMERON CARTIER,

shall jointly and severally forfeit to the United States, pursuant to 18 U.S.C. §981(a)(1)(C) and 28

U.S.C. §2461(c) any property, real or personal, which constitutes or is derived from proceeds

traceable to the offense.

2.     If any of the property described in paragraph 1, above, as a result of any act or

omission of the defendants --

> (a)     cannot be located upon the exercise of due diligence;
>
> (b)     has been transferred or sold to, or deposited with, a third party;
>
> (c)     has been placed beyond the jurisdiction of the Court;
>
> (d)     has been substantially diminished in value; or
>
> (e)     has been commingled with other property which cannot be subdivided
>          without difficulty,

it is the intention of the United States, pursuant to 28 U.S.C. §2461(c), incorporating 21 U.S.C.

§853(p), to seek forfeiture of all other property of the defendants up to the value of the property

described in paragraph one above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

CHRISTOPHER POHL
LAUREN GRABER
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF MASSACHUSETTS

District of Massachusetts: March 11, 2020
Returned into the District Court by the Grand Jurors and filed.

DEPUTY CLERK

11:43 am

3-11-20

21