UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.
19-10245(3)-ADB

UNITED STATES OF AMERICA

v.

ANTHONY BASILICI

MEMORANDUM OF DECISION AND ORDER ON
<u>DEFENDANT'S RENEWED EMERGENCY MOTION FOR RELEASE</u>

November 17. 2020

DEIN, U.S.M.J.

## I. BACKGROUND

The defendant is charged in a multi-count superseding indictment with conspiracy to distribute and to possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846; possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii); conspiracy to commit kidnapping, in violation of 18 U.S.C. § 1201(c); conspiracy to obstruct justice by retaliating against a witness, victim or informant, in violation of 18 U.S.C. § 1513(f); and obstructing justice by tampering with a witness, victim, or informant by physical force or threat, in violation of 18 U.S.C. § 1512(a)(1)(C).  After his arrest, the defendant consented to a voluntary order of detention on May 31, 2019.  He is being detained at Wyatt Detention Facility.  The matter came before the court on the defendant's Emergency Motion for Pre-Trial Release Due to Risk of Complications from Potential Covid-19 Infection (Docket No. 146).  Therein, the defendant was seeking to be released to parents of his close deceased friend who reside in Maine on the grounds that he was at an elevated risk for

complications if he should become infected with COVID-19 due to pre-existing medical conditions of asthma, epilepsy and other unspecified medical conditions. After a hearing and careful consideration of the record, this court denied the motion for release without prejudice in a Memorandum of Decision and Order dated April 29, 2020. (Docket No. 183).

This matter is presently before the court on the defendant's Renewed Emergency Motion for Release. The defendant, who is morbidly obese, has tested positive for COVID-19. He seeks to be released to live at his brother's home where he could quarantine. The defendant contends that his weight and other specified medical conditions, in addition to those identified in the earlier motion, puts him at high risk of becoming severely sick, and that release is necessary so that he can receive proper treatment and avoid being further exposed to COVID-19 at Wyatt.[1]

## II. ANALYSIS

This court remains concerned about the conditions at Wyatt, and the difficult conditions of incarceration. Not only is the spread of the virus easier in a prison setting, but the steps necessary to contain the virus and stop the spread create additional burdens on inmates and make the conditions of incarceration more difficult. Nevertheless, this court continues to conclude that the danger to the community is simply too great if the defendant is released. As detailed more fully in the government's opposition, the government has provided the court with a videotape of a horrific beating by a group of men of an individual who was accused of

---

[1] The defendant and government obtained permission from the court to file their pleadings under seal. (See orders of November 3 and 6, 2020). The court has reviewed the relevant pleadings and exhibits. Due to the sealed nature of the filings, however, the court will make only general reference to the defendant's medical condition.

being a "rat." The defendant was present at the beating and seemingly was responsible for recording at least some of it. The danger to the community and to potential witnesses if the defendant was to be released is very great.

As detailed in this court's earlier detention order, the defendant has an extensive and dangerous criminal record. His juvenile record contains a number of charges of violence, resulting in his commitment to DYS custody. Beginning at age 19 he was found guilty of and/or violated probation based on charges of assault and battery, witness intimidation, assault with a dangerous weapon, to wit a knife, disorderly conduct, and resisting arrest. In 2005 he was committed for 5 years to 5 years and 1 day after being found guilty of armed robbery, home invasion, and assault and battery with a dangerous weapon. Since his release from state custody he has been charged with a number of violent crimes, including witness intimidation and assault and battery, kidnapping and assault with intent to kill, and was ordered to pay court costs and/or the charges were dismissed. As evidenced by the tape shown to this court, the defendant is part of a group that recently engaged in a horrific savage attack on someone they apparently believed was an informant.

On the other hand, there is no basis in this record to indicate that the defendant is not receiving adequate medical care at Wyatt. He is seen daily, and his vital signs are strong, including normal pulse and oxygen saturation levels. The government has confirmed that the defendant is doing well, with typical symptoms of shortness of breath and body aches, but no symptoms requiring hospitalization. Unfortunately, according to the information provided to the government, the defendant is repeatedly refusing various treatment and testing. After careful consideration of all the relevant facts, this court continues to find that pre-trial

[3]

detention is appropriate and necessary to ensure the safety of the community.  The defendant's medical condition does not warrant release.

### III.  ORDER

For these reasons, the defendant's emergency motion for release is denied.  The denial is without prejudice, and may be renewed if conditions change.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

[4]