

**U.S. Department of Justice**

*Rachael S. Rollins*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*      *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

June 29, 2022

Leslie Feldman-Rumpler
4 Cypress Street, Suite 7
Brookline, MA  02445

    Re:    United States v. Anthony Basilici
            Criminal No. 19-10245-ADB

Dear Attorney Feldman-Rumpler:

    The United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Anthony Basilici ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure ("Rule") 11(c)(1)(C):

    1.    <u>Change of Plea</u>

    As soon as practicable, Defendant will plead guilty to Counts One, Five, Nine, Ten, and Eleven of the Superseding Indictment: Conspiracy to Distribute and to Possess with Intent to Distribute 100 Grams or More of Heroin, in violation of 21 U.S.C. § 846 (Count One); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii)) (Count Five); Conspiracy to Commit Kidnapping, in violation of 18 U.S.C. § 1201(c) (Count Nine); Conspiracy to Obstruct Justice by Retaliating Against a Witness, Victim, or Informant, in violation of 18 U.S.C. § 1513(f) (Count Ten); and Obstructing Justice by Tampering with a Witness, Victim, or Informant by Physical Force or Threat; Aiding and Abetting, in violation of 18 U.S.C. § 1512(a)(2)(C) and 18 U.S.C. § 2 (Count Eleven).  Defendant admits that Defendant committed the crimes specified in these counts and is in fact guilty of each one.

    2.    <u>Penalties</u>

    Defendant faces the following mandatory minimum and maximum penalties: as to Count One, incarceration for up to 20 years, supervised release for no less than 3 years and up to life, a fine of up to $1 million, a mandatory special assessment of $100, and forfeiture to the extent charged in the Superseding Indictment; as to Count Five, incarceration for no less than 10 years

and up to life, to be served consecutively to any other term of imprisonment, supervised release for up to 5 years, a fine of up to $250,000, a mandatory special assessment of $100, and forfeiture to the extent charged in the Superseding Indictment; as to Count Nine, incarceration for up to life, supervised release for up to 5 years, a fine of $250,000, a mandatory special assessment of $100, and forfeiture to the extent charged in the Superseding Indictment; and as to each of Counts Ten and Eleven, incarceration for up to 20 years, supervised release for up to 3 years, a fine of up to $250,000, a mandatory special assessment of $100, and forfeiture to the extent charged in the Superseding Indictment.

3.   Rule 11(c)(1)(C) Plea

In accordance with Rule 11(c)(1)(C), if the Court accepts this Plea Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any part of this Plea Agreement, the U.S. Attorney may void the agreement and/or Defendant may withdraw from it. Defendant may not withdraw Defendant's plea for any other reason.

Should the U.S. Attorney void the agreement and/or Defendant move to withdraw Defendant's guilty plea, Defendant agrees to waive any defenses based upon statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act for all charges that could have been brought as of the date of this Plea Agreement.

4.   Sentencing Guidelines

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is calculated as follows:

   a) Defendant's base offense level is 32, based on the kidnapping conspiracy set forth in Count Nine (USSG § 2A4.1(a));

   b) Defendant's offense level is increased by 2, because the victim sustained serious bodily injury (USSG § 2A4.1(b)(2)(B));

   c) Defendant's offense level is increased by 2, because a dangerous weapon was used (USSG § 2A4.1(b)(3);

   d) Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1); and

   e) The guideline sentence for Count Five is the minimum term of imprisonment required by statute, and thus, under 18 U.S.C. § 924(c)(1)(A)(iii), is ten years to run consecutively to any other term of imprisonment imposed.

The government will further argue that the 6-level enhancement pursuant to USSG § 2A4.1(b)(5) should apply to the kidnapping base offense level because the victim was sexually exploited.

Defendant understands that the Court is not required to follow this calculation. Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility, and may be released from the parties' agreed-upon disposition in Paragraph 5 if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5.   Agreed Disposition

The parties agree on the following sentence:

a) incarceration for between 121 months and 204 months;

b) 48 months of supervised release;

c) a mandatory special assessment of $500, which Defendant must pay to the Clerk of the Court by the date of sentencing; and

d) forfeiture as set forth in Paragraph 7.

6.   Waiver of Appellate Rights and Challenges to Conviction or Sentence

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) Defendant will not challenge Defendant's conviction on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) Defendant will not challenge Defendant's sentence, including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

The U.S. Attorney agrees not to appeal the imposition of a sentence within the range agreed

to by the parties in paragraph 5.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

7.   <u>Forfeiture</u>

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

8.   <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

9.   <u>Breach of Plea Agreement</u>

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy

4

Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

10.   Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

11.   Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\*   \*   \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorneys Lauren A. Graber or Christopher Pohl.

Sincerely,

RACHAEL S. ROLLINS
United States Attorney

By: _____
RILWAN ADEDUNTAN
Chief, Narcotics and Money Laundering Unit

KATHERINE FERGUSON
LEAH FOLEY
Deputy Chiefs, Narcotics and Money Laundering Unit

_____
LAUREN A. GRABER
CHRISTOPHER POHL
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crime I am pleading guilty to, and the mandatory minimum and maximum penalties for that/those crimes. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_____
Anthony Basilici
Defendant

Date: 8-10-22

I certify that Anthony Basilici has read this Agreement and that we have discussed what it means. I believe Anthony Basilici understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
Leslie Feldman-Rumpler
Attorney for Defendant

Date: 8/10/2022